UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 15-34-DLB-CJS

DANIEL W. GOERDT, et al.                                                      PLAINTIFFS

vs.                                       **MEMORANDUM ORDER**

MIDWEST TRANSPORT
SPECIALISTS, INC., et al.                                                     DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

## I. INTRODUCTION

On September 19, 2017, the Court held a Final Pretrial Conference in this matter and adjudicated twenty-two pretrial motions. (Doc. # 181). Because of the need for supplemental briefing, the Court reserved ruling on objections to the parties' deposition designations. (Docs. # 147, 148, and 149). Since the Final Pretrial Conference, Defendant Jack Cooper Transport, Company, Inc. ("Jack Cooper Transport Co.") filed an additional pretrial motion, seeking to limit Plaintiffs' damages for medical expenses. (Doc. # 186). The Court having heard argument from counsel at the Final Pretrial Conference, the motions are fully briefed (Docs. # 147, 148, 149, 182, 183, 184, 186, 187, and 188) and ripe for review.

## II. ANALYSIS

### A. Defendant Jack Cooper Transport Co.'s Objections to Plaintiffs' Initial Deposition Designations

Defendant Jack Cooper Transport Co.'s has objected to Plaintiffs' use of Doctor Saltzman's deposition testimony at trial. (Doc. # 147). Counsel for Defendant Jack

1

Cooper Transport Co. has also lodged an oral objection to the Plaintiffs' use of Doctor Sammarco's deposition testimony. (Doc. # 181 at 11). At the Final Pretrial Conference, the Court reserved ruling on the objections because of the need for supplemental briefing. *Id.* Only the Plaintiffs complied with the Court's request for supplemental briefing. (Doc. # 182).

Defendant Jack Cooper Transport Co.'s Objection to the use of Doctor Saltzman's and Doctor Sammarco's expert testimony included only vague citations to Federal Rule of Evidence 702, which governs testimony by expert witnesses. (Doc. # 147). At the Final Pretrial Conference, however, counsel for Defendant Jack Cooper Transport Co. clarified that the basis for the objection was that neither Doctor Saltzman nor Doctor Sammarco specifically stated that their opinions were "based on a reasonable degree of medical certainty/probability." (Doc. # 181 at 11).

Defendant Jack Cooper Transport Co.'s objection is meritless and is **overruled**. Although a "plaintiff must prove medical causation by a reasonable medical probability by using expert medical testimony," an expert witness "need not use particular 'magic words' to signal that such reasonable medical probability exists." *Fulcher v. United States*, 88 F. Supp. 3d 763, 771 (W.D. Ky. 2015) (citing *Brown-Forman Corp. v. Upchurch*, 127 S.W.3d 615, 621 (Ky. 2004)). "Instead, the Court will look to the 'quality and substance' of a physician's testimony to determine 'whether it rises … to the level necessary to prove a particular medical fact.'" *Id.* (quoting *Brown-Forman Corp.*, 127 S.W.3d at 621).

That Doctor Saltzman and Doctor Sammarco failed to use "magic words" and attest that their opinions were "based on a reasonable degree of medical certainty/probability" does not warrant exclusion of their testimony. The expert opinions

2

offered by Doctors Saltzman and Sammarco extend beyond that of mere possibility and sufficiently satisfy the causation requirement. Accordingly, Defendant Jack Cooper Transport Co.'s Objections to Plaintiffs' Initial Deposition Designation as to Doctor Saltzmand and Doctor Sammarco are **overruled**.

### B. Defendants Midwest Transport and Cleaveland's Motion to Exclude Deposition Testimony of Terence Milford

Defendants Midwest Transport Specialist, Inc. ("Midwest Transport") and Lawrence Cleaveland have moved to exclude deposition testimony of Terence Milford. (Doc. # 183). First, Defendants Midwest Transport and Cleaveland ask the Court to prevent Defendant Jack Cooper Transport Co. from using Terence Milford's deposition testimony in its case-in-chief because it cannot satisfy the requirements of Federal Rule of Civil Procedure 32(a).[1] (Doc. # 183-1 at 1-2). The Court agrees.

Federal Rule of Civil Procedure 32(a) permits the use of depositions in court proceedings if three requirements are met: (1) the party was present or represented at the taking of the deposition or had reasonable notice of it; (2) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (3) the use falls within one of three limited circumstances. Fed. R. Civ. P. 32(a)(1)(A)-(C). The third requirement prevents Defendant Jack Cooper Transport Co. from using Terence Milford's deposition testimony in its case-in-chief. Aside from impeachment purposes,[2] a party seeking to use a deposition must prove that the witness is unavailable or that they are adverse to the party whose deposition they are seeking to

---

[1] Defendant Jack Cooper Transport Co. has not responded to the Motion and the time to do so has expired.

[2] Rule 32(a)(2) permits any party to use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

introduce. Fed. R. Civ. P. 32(a)(2)-(4). As the proponent of Terence Milford's deposition, Defendant Jack Cooper Transport Co. cannot satisfy either circumstance—it is not an adverse party to Terence Milford and Terence Milford is not an unavailable witness. Accordingly, Defendants Midwest Transport and Cleaveland's motion is **sustained** and Defendant Jack Cooper Transport Co. is prohibited from using Terence Milford's deposition testimony in its case-in-chief.

Second, Defendants Midwest Transport and Cleaveland ask the Court to limit Plaintiffs' use of Terence Milford's deposition testimony pursuant to Federal Rules of Evidence 401, 402, 403, and 701. A review of Plaintiffs' Updated Designation of Terence Milford's Deposition (Doc. # 184) reveals that there are only two portions of the deposition that Plaintiffs seek to use and Defendants Midwest Transport and Cleaveland seek to exclude. The Court will transcribe, and then address, each challenged portion of the designated deposition testimony in turn.

**Page 16, Line 15 – Page 17, Line 12:**

Q: (By Mr. Smith) What is – what – how does Jack Cooper define "preventability"?

A: Normally, if there's anything our driver could have done to prevent the accident. Driver error. If facts determined he was over the speed limit. Should have avoided the crash if it was a true collision. Sometimes it's impact with other objects, deer, tree limbs, bridge – bridge overpasses. If it's common no-brainers like that, if it's a bridge overpass and he hit it anyway, he didn't determine the exact height of his load, that would be preventable because the driver should have prevented it. Does that help?

Q: Sure. Those are some examples. But is there a definition of "preventability" that Jack Cooper uses?

A: Not, I don't think, in black and white like a dictionary. But we assess every claim and accident based on its own merits. Put a lot of thought to it to see could he have prevented it, could he or she, could they have prevented it, could they not, and then we'd make the determination based on case-by-case scenarios.

Defendants Midwest Transport and Cleaveland claim that this testimony "as to how Jack Cooper defines 'preventability' is not based on any defined guidelines and does not address the inspection and driver operator issues presented in this action" and therefore, "[a]ny minimal probative value is far outweighed by its tendency to confuse the jury and mislead it as to what issues are presented in this action." (Doc. # 183-1 at 4). The Court disagrees.

Under Rule 402, "[e]vidence which is not relevant is not admissible." The standard for relevancy is "extremely liberal." *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992); *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006). "'Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996).

However, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Under the Rule 403 analysis, courts must "look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006).

The challenged portion of Terence Milford's deposition testimony is relevant. Applying the liberal relevancy standard, Jack Cooper Transport Co.'s post-accident processes, including its method for determining preventability, is relevant to the accident that gave rise to this action. That the testimony focuses on driver error and does not encompass all aspects of an accident does not render it irrelevant. Nor does Defendants Midwest Transport and Cleaveland's belief that the "preventability" standard is "not based on any defined guidelines" affect the testimony's relevancy. (Doc. # 183-1 at 4). Such challenges are more properly directed to the weight of the evidence, and not admissibility.

Having found that the deposition testimony is relevant, and construing the proffered evidence in the light most favorable to the proponent, exclusion under Rule 403 is not warranted. Any risk of confusing the issues or misleading the jury does not substantially outweigh the testimony's probative value. Accordingly, Defendants Midwest Transport and Cleaveland's objection to Page 16, Line 15 through Page 17, Line 12 of Terence Milford's deposition testimony is **overruled**.

**Page 28, Lines 11-18:**

Q: (By Mr. Smith) Do you maintain a file within the risk management office that pertains to the Goerdt case?

A: Our files would mostly be electronic after we've reported it on to our carrier. And this one, quite frankly, is – would be very limited in scope just because, again, it wasn't deemed to be our claim.

Defendants Midwest Transport and Cleaveland claim that this testimony "relates to Mr. Milford's suggestion that the accident was 'not properly a Jack Cooper claim'" and that "[s]uch suggestion is not relevant to this action and is also barred by FRE 403." (Doc. # 183-1 at 4). The Court agrees in part.

6

The Court has previously held that insurance matters are irrelevant and excluded such evidence. (Doc. # 181 granting Docs. # 83, 84, 90, 96, and 98). This position is supported by the Federal Rules of Evidence. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.") The challenged deposition testimony, however, only includes a brief reference to Defendant Jack Cooper Transport Co.'s belief that they were not responsible and thus, the accident was not "deemed to be [a Jack Cooper Transport Co.] claim." Therefore, Defendants Midwest Transport and Cleaveland's objection to Page 28, Lines 11-18 of Terence Milford's deposition testimony is **sustained in part and overruled in part**. The portion of the Terence Milford's testimony that explains "because, again, it wasn't deemed to be our claim" is **excluded**.

C. **Defendant Jack Cooper Transport Co.'s Motion to Limit Plaintiffs' Damages for Medical Expenses**

In discovery, a party must disclose "a computation of each category of damages claimed," and must also "make available for inspection and copying … the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of the injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Additionally, a "party who has made [an initial] disclosure under Rule 26(a) … must supplement or correct its disclosure … in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A).

7

"If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Put another way, Rule 37 "requires absolute compliance" with Rules 26(a) and (e), and "'mandates that a trial court punish a party for discovery violations in connection with Rule 26.'" *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010) (quoting *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)). Of course, the Court retains discretion to "order additional or substitute sanctions." Fed. R. Civ. P. 37(c)(1)(A)-(C).

Defendant Jack Cooper Transport Co. does not allege that Plaintiffs' failed to make a sufficient initial-disclosure regarding damages, rather the parties' dispute the sufficiency of Plaintiffs' supplementation under Rule 26(e). (Doc. # 186). Specifically, Defendant Jack Cooper Transport Co. takes issue with three separate supplementations by Plaintiffs.

First, the Plaintiffs supplemented their damage computation on September 18, 2017—one day before the Final Pretrial Conference. The supplementation increased the claimed damages amount significantly—from $648,222.31 to $1,214,405.61 for Plaintiff Daniel Goerdt and from $90,076.81 to $158,326.96 for Plaintiff Jennifer Goerdt. (Doc. # 188 at 2-3). As a result of this supplementation, Defendant Jack Cooper Transport Co. requested a continuance of the trial. (Doc. # 180). At the Final Pretrial Conference, the Court granted the Motion to Continue and rescheduled the trial to permit the parties to resolve the issue and adequately prepare for trial. (Doc. # 181).

Then, on September 26, 2017—one week after the Final Pretrial Conference—Plaintiffs again supplemented their damage computation. (Doc. # 188 at 3). Although Plaintiff Daniel Goerdt's claimed damages remained the same, the September 26th supplementation increased Plaintiff Jennifer Goerdt's claimed damages again—from $158,326.96 to $192,973.38. *Id.*

On November 14, 2017, Plaintiff supplemented their damages computation a third time. (Doc. # 188 at 3). Again, Plaintiff Daniel Goerdt's claimed damages remained the same, but Plaintiff Jennifer Goerdt's claimed damages increased—from $192,973.38 to $239,624.27. Along with this supplementation, Plaintiffs "provided the medical records from [Jennifer Goerdt's] most recent surgery," which occurred on September 14, 2017, "and an itemized summary of the billing records." *Id.* at 3-4.

Between the second and third supplemental disclosures, on October 17, 2017, Defendant Jack Cooper Transport Co. filed a motion asking the Court to limit the Plaintiffs' damages for medical expenses pursuant to Federal Rule of Civil Procedure 37, as a sanction for failure to timely supplement discovery in accordance with Federal Rule of Civil Procedure 26(e). (Doc. # 186). Specifically, Defendant Jack Cooper Transport Co. requests that the Court sanction Plaintiffs by limiting them to their claimed "medical expenses, having supporting documentation, as of September 26, 2017." (Doc. # 188 at 4).

Although Plaintiffs provided additional medical bills and itemized lists of medical expenses for both Plaintiffs with their September 26th supplementation, no corresponding medical records were produced at that time. (Doc. # 186-1 at 2). It was not until the November 14th supplementation that Plaintiffs produced corresponding medical records.

9

Because of this delay in medical-record production, Defendant Jack Cooper Transport Co. claims that Plaintiffs' supplementation was untimely, and thus, a violation of Rule 26(e). In response, Plaintiffs claim that the seriousness of their injuries has required continued treatment and while their counsel has diligently requested their medical records, they "are at the mercy of the healthcare providers' administrative personnel when requesting records for recent treatment." (Doc. # 187 at 6-7). Defendant Jack Cooper Transport Co. disputes Plaintiffs' claims of diligence and highlights the delay in counsel's medical-records request from September 14, 2017—the date of Plaintiff Jennifer Goerdt's most recent surgery—and October 10, 2017—the date on the medical-records request. (Doc. # 188 at 4).

Although the Court recognizes that Plaintiffs' medical records are essential to a calculation of damages in this personal-injury case, the record reflects that Plaintiffs have engaged in appropriate—and timely—supplementation of their damages computation and provided corresponding documentation (itemized medical expenses, medical bills, and medical records), as required by Rule 26(e), since the Final Pretrial Conference.[3] Despite Defendant Jack Cooper Transport Co.'s argument to the contrary, the Court is unconvinced that the twenty-six day lapse between Plaintiff Jennifer Goerdt's most recent surgery and counsel's medical-records request proves that Plaintiffs were "untimely." Therefore, the Court finds that Plaintiffs have complied with Rule 26, and having so found, there is no reason to determine the appropriate sanctions under Rule 37.

---

[3] Although Plaintiffs' September 18th supplementation may very well have been untimely, Defendant Jack Cooper Transport Co. requested a continuance to allow adequate preparation for trial, rather than sanctions pursuant to Rule 37.

To the extent that Defendant Jack Cooper Transport Co.'s Motion asks the Court to establish a "cutoff date" because of Plaintiffs' indications that they will continue to supplement discovery with medical bills and records for their ongoing medical treatment and "increase the amount of medical expenses being claimed," the Court declines to do so. (Doc. # 188 at 3-4). Such a complaint and request suggests that the objection is not related to Plaintiffs' supplementation, but rather to their continuing accrual of damages. Accordingly, Defendant Jack Cooper Transport Co.'s Motion to Limit Plaintiffs' Damages for Medical Expenses (Doc. # 186) is **denied**.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant Jack Cooper Transport Co.'s Objections to Plaintiffs' Initial Deposition Designation as to Doctor Saltzmand and Doctor Sammarco (Doc. # 147) are **overruled**;

(2) Defendants Midwest Transport and Cleaveland's Motion to Exclude Deposition Testimony of Terence Milford (Doc. # 183) is **granted in part and denied in part** as follows:

(a) Defendants Midwest Transport and Cleaveland's objection to Defendant Jack Cooper Transport Co.'s use of Terence Milford's deposition is **sustained**. Defendant Jack Cooper Transport Co. is prohibited from using Terence Milford's deposition testimony in its case-in-chief;

(b) Defendants Midwest Transport and Cleaveland's objection to Page 16, Line 15 through Page 17, Line 12 of Terence Milford's deposition testimony is **overruled**; and

(c) Defendants Midwest Transport and Cleaveland's objection to Page 28, Lines 11-18 of Terence Milford's deposition testimony is **sustained in part and overruled in part**. The portion of the Terence Milford's testimony that pertains to insurance is **excluded**.

(3) Defendant Jack Cooper Transport Co.'s Motion to Limit Plaintiffs' Damages for Medical Expenses (Doc. # 186) is **denied**.

This 8th day of January, 2018.

Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Cov15\15-34 Goerdt Follow Up FPT Order.docx